■ EMMA R. BERGER, Appellant, v. IROQUOIS CHINA COMPANY, INC., et al., Respondents.— Order and judgment unanimously affirmed, without costs. Memorandum: The Trial Judge dismissed the complaint in this action to recover pension payments allegedly due to plaintiff when she reached 65 years of age on the ground that she had failed to comply with a condition of the pension agreement which required written notification to the pension committee, the company and the union of total permanent disability, substantiated by competent medical proof, within three months after leaving the active employment of the company. He also found that there was no proof to establish either a waiver of the notice requirement or an estoppel against the pension committee based upon plaintiff's tetimony that the union field representative had informed her that she need take no action with regard to her pension until reaching age 65. In the absence of any evidence that the union representative could act for the pension committee and in view of the express provisions of the pension agreement requiring action by the committee to be by a concurrence of three of its members and prohibiting modification or alteration of the agreement except by a writing signed by the parties to it, we agree with the conclusions of the Trial Judge. We would also affirm on the ground that the pension agreement provided that the determination of entitlement for pension benefits would be vested in the pension committee. As a union member and one of the persons for whom the agreement was negotiated by the union, plaintiff was bound by

the terms of the agreement. The determination by the pension committee that she was not entitled to benefits (because she had not demonstrated total permanent disability by the timely submission of competent proof) is binding on her, in the absence of proof that the conclusion was arbitrary or capricious or the product of bad faith or based on insufficient evidence. (*Gitelson* v. *Du Pont,* 17 N Y 2d 46.) No proof of arbitrariness or bad faith is in the record, which demonstrates that the committee had before it sufficient evidence in the form of reports by plaintiff's physician to conclude that plaintiff's disability was partial, rather than total. Its determination was therefore conclusive. (Appeal from order and judgment of Onondaga Trial Term, in action for pension benefits.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Henry, JJ.